BULL v. KIRK.

1. TAX SALE—SHERIFF'S DEED—STATUTORY CONSTRUCTION.—Section 2 of an act providing for the enforcement of payment of delinquent taxes by levy and sale (19 Stat., 863), directed that in case of sale the sheriff's deed shall be held to be *prima facie* evidence of good title, and that all preliminary requirements of the law have been complied with; and that no action for the recovery of such land or its possession shall be maintained unless brought within two years from the date of sale. Then section 3 (19 Stat., 864; 20 *Id.*, 51) declares that if the taxpayer, after levy, shall declare that the taxes have been paid or unjustly assessed, he can have such sale suspended, *"provided,* before said sale, he offers satisfactory evidence to the sheriff, that said taxes have been paid, or improperly assessed against him, and within twenty days thereafter take such steps as are provided by law for correction of unjust assessment, or to prove payment, and prosecute the same to a successful result, within a reasonable time. And in case the taxpayer, alleged to be in default, offers no such proof, or fails to take the course herein provided, he shall be deemed in law to have waived all exceptions to the omissions, errors, and irregularities (if any there be) in the assessment of said tax, and in all preliminaries to said sale, as prescribed by law, and to have admitted that each and all preliminary steps to said assessment and sale are in accordance with the requirements of law." *Held,* that these two sections being in the same statute, must be so construed that both may stand, and, therefore, a taxpayer who fails to avail himself of the privileges granted in section 3, may, nevertheless, bring action for the recovery of his land within two years, under section 2, and in such action be permitted to show that the property sold was not the property advertised, the sheriff's deed being *prima facie,* but not conclusive, evidence of good title.

2. PROVISO TO STATUTES.—Moreover, the operation of a proviso is to limit the general provisions only of the antecedent enactment, and, therefore, the sweeping waiver declared in the proviso to section 3 applies only to the two cases stated in the preceding part of that section, to wit, where the taxpayer claims that the taxes have been paid, or were unjustly assessed against him.

Before WALLACE, J., Berkeley, June, 1891.

This was an action by Mary Bull against R. J. Kirk and H. K. Jenkins, commenced March 1, 1890. The opinion states the case.

*Messrs. Mordecai & Gadsden,* for appellant.

*Mr. J. Ancrum Simons,* contra.

October 24, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action to recover a lot of land, containing four acres, more or less, in the village of New Summerville. The plaintiff proved title. It was admitted that she was the owner of the lot, and in possession of it on June 3, 1889, when the defendants took possession under a tax deed from W. M. Hale, sheriff of Berkeley County. It was also admitted that on a day previous to that time, the sheriff went upon said land, and levied thereon by virtue of a tax execution issued by the sheriff (treasurer) of said county; who, on a subsequent day, by virtue of a deed executed by him, put the defendants in possession of the said premises.

The cause came on to be heard by Judge Wallace and a jury. Tax execution No. 760 against Mrs. Mary Bull, and the official deed of the sheriff, in consideration of $40, conveying the aforesaid premises to the defendants, were put in evidence. The plaintiff's attorney then offered to prove the advertisement under which the lots were sold, in order to show that the property claimed to be sold was "the wrong property." The defendants' attorney objected to the admissibility of the testimony, and his honor, the judge, sustained the objection, saying: "Gentlemen, I believe I was wrong in my construction of this statute just now. Section 3 of the act reads: 'That in case the taxpayer alleged to be in default, after levy of distress as aforesaid, shall allege that the taxes have been paid, or are unjustly assessed against him, he can and may have said sale suspended: Provided, before said sale, he offers satisfactory evidence to the sheriff that said taxes have been paid, or improperly assessed against him, and within twenty days thereafter take such steps as are provided by law for correction of unjust assessment, or to prove payment, and prosecute the same to a successful result, within a reasonable time. And in case the taxpayer alleged to be in default offers no such proof, or fails to take the course herein provided, he shall be deemed in law to have waived all exceptions to the omissions, errors, and irregularities (if any there be) in the assessment of said

tax,. and in all preliminaries to said sale, as prescribed by law; and to have admitted that each and all preliminary steps to said assessment and sale are in accordance with the requirements of the law.'                    . ¦

"Now, what does he admit? 'He shall be deemed in law to have waived all exceptions to the omissions, errors, and irreg¹ ularities (if any there be) in the assessment of said tax, and in all preliminaries to said sale as prescribed by law, and to have admitted that each and all preliminary steps to said assessment and sale, and said assessment and sale are in accordance with the requirements of law.' He admits that. The act seems to me to provide, that when property has been assessed, and there has been a levy upon the property for failure to pay the taxes, that the person against whom the tax has been levied must come forward and allege that the taxes have been paid; or that the assessment has been improperly made; and if he comes forward and makes that allegation, he is allowed to proffer proof to the sheriff that said tax has been paid or improperly assessed against him, &c. If he fails to do it, the pur¦ chaser of his property takes the legal title," &c.                    ¦

A motion was made for a non-suit, which the judge granted; and the plaintiff appeals, on the following exceptions :

I. Because his honor erred in ruling, that all testimony relating to the assessment and sale must be stricken out.                    ·¦

II. Because his honor erred in ruling, that, in reply to the question : "Does your honor hold, that we cannot attack this deed on its face ?"—"I think you can attack this deed, but that would not help your case."                    ⋮

III. Because his honor erred in holding, in reply to the question : "Do I understand your honor to rule practically, that section 3 of this act prohibits the taxpayer from showing any irregularities in the proceedings prior to and including the sale ?"—"Yes, except in the manner provided in that section (3)."

IV. Because his honor erred in ruling, in reply to the question : "Does your honor rule, if I show, upon the face of this deed and the exhibit attached to it, viz., the execution of the treasurer, that it was not executed by the proper officer,

that I cannot even state that?"—"No, I do not hold that—this statute goes only to the sale—it only says, and that said assessment and sale are in accordance with requirements of law. It does not say anything about the deed."

V. Because his honor erred in excluding the advertisement under which the property was sold by the sheriff, which was offered by the plaintiff for the purpose of showing that the property sold by the sheriff was the wrong property.

VI. Because his honor erred in ruling, that section 3 of the act of 1887, and as amended in 1888, applied to all actions for the recovery of lands which had been sold for taxes or possessory actions relating thereto ; and should have held, that the provisions of that section applied only to cases where there was either an allegation of improper assessment or previous payment of taxes, and did not apply to cases where the sale was attacked for irregularities and omissions, or other defects in the preliminaries up to and including the sale.

VII. Because his honor should have held, that, under the provisions of said act, the burden of proof was simply transferred from the tax-title holder to the former owner, and that the conveyance by the sheriff was only *prima facie* title, and could be rebutted by evidence.

VIII. Because his honor should have held, that, under the provisions of said act, an action for the recovery of lands sold by the sheriff, or other similar actions, could be brought at any time from the date of the sale within two years, and that when said action had been predicated upon any other proof than an improper assessment or payment of taxes, the *prima facie* effect of the deed could be rebutted by evidence.

IX. Because his honor should have held, that said act and amendments thereto were in violation of section 14, article I., of the Constitution of the State of South Carolina, and the fifth amendment of the Constitution of the United States.

This was an action under the Code for the recovery of real property, a lot in New Summerville, Berkeley County. It was brought within two years from the date of the sheriff's sale, under which the defendants claim title. It must be kept in mind, that the act of 1887, "In relation to for-

feited lands, delinquent lands, and collection of taxes," (20 stat., 51,) had, besides other provisions, two important sections, in reference to lands sold or levied to be sold for taxes—sections 2 and 3. His honor, the Circuit Judge, seems to have made no reference to section 2, but held that the testimony excluded was not admissible, according to his construction of section 3, which he cited at length, *supra*, and, therefore, need not be repeated here. We think, however, that to reach the proper construction, it was necessary that both sections referred to above should have been considered. Section 2, after particular directions as to the manner of sale, &c., provided as follows : "And in all cases of sale, the sheriff's deed of conveyance, &c., shall be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular, and all requirements of the law have been duly and fully complied with. No action for the recovery of said land sold by the sheriff under the provisions of this act, or for the recovery of possession thereof, shall be maintained unless brought within two years from the date of said sale," &c.

If this section stood alone, it is perfectly clear that the taxpayer could bring her action within two years after the sale for taxes ; and that the deed of the sheriff would not be conclusive, but only *prima facie* evidence of regularity and good title, liable to be overthrown by such evidence as was offered in behalf of the plaintiff. See *Shell* v. *Duncan*, 31 S. C., 547 ; and in connection with that case, which was well argued, it is a significant circumstance, that no reference whatever was made to section 3, either in the argument or in the judgment of the court. But in this case it is contended that section 3, cited by the Circuit Judge, with all its very stringent provisions, changes the whole law upon the subject, and, in the language of the judge, "provides that where property has been assessed, and there has been a levy upon the property for failure to pay the taxes, that the person against whom the tax has been levied must come forward and allege that the taxes have been paid or the assessment was improperly made ; and if he comes forward and makes that allegation, he is allowed to proffer proof to the sheriff that his taxes have been paid, or were improperly assessed against him,

&c. And if he fails to do this, the purchaser of his property takes the legal title," &c. That is to say, the permission given by section 3 to apply, in a summary manner, for the suspension of the sale, is the only remedy afforded by the law to a taxpayer, notwithstanding the plain and full provisions of section 2.

We can not think that this is the necessary or proper construction of section 3. The two sections differ essentially in subject, object, and the remedy provided, including the manner of seeking it; and in the view of the Circuit Judge, section 3 not only ignores, but absolutely destroys, expunges, section 2, disregarding it and substituting in its place a new and entirely different law. Repeals by implication are not favored. We can not accept the view, that it was the intention of the legislature to place, in juxtaposition on the statute book, two sections on the same subject, one of which necessarily destroys the other, and besides, declares in advance that a sheriff's deed of land sold for taxes (which as alleged may be false in fact) shall, notwithstanding, be held to afford conclusive evidence of its own truth. "There is the strongest kind of presumption against the existence of that species of absurdity in the intention of the legislature, which would consist in a design to defeat its own object. Yet it not unfrequently occurs that one portion of a statute, if literally or even naturally construed, would practically nullify the whole or some material portion of the remainder of the act, with the effect of defeating its obvious purpose. In cases of this description, it is a settled rule of construction, flowing from the obvious absurdity of any other, that such an interpretation shall, if possible, be placed upon the statute, *ut magis valeat quam pereat.*" Endl. Interp. Stat., § 265.

But, again, it seems to us, that the interpretation given to section 3 was erroneous, for the reason that the two sections, being on the same subject matter, should have been construed together, *in pari materia;* and that, if possible, every part of both provisions should have received its proper and natural construction. As we think, it appears that the legislature had in mind two classes of taxpayers alleged to be in default: one where the land of the taxpayer had already been sold, and

he was, within the two years allowed him, to bring his action. This class was manifestly intended to be covered by section 2. Another class, where the taxpayer was allowed, not commanded, to make application, in a summary way (twenty days), to have the sale of his lands suspended, upon his alleging that the assessment was improperly made against him, or that the taxes had been paid. This class was intended to be covered by section 3, and all the requirements of that section were made with reference to that class, and intended to be limited to them. This interpretation leaves sections 2 and 3, both, in active operation within their respective limits, and vindicates the consistency of the whole act.

But there is another rule of construction, which, as it seems to us, places this matter beyond all doubt. "From a consideration of the office and function of a proviso, it would seem to follow, that it can have no existence separate and apart from the provision which it is designed to limit. * * * Moreover, a proviso is always to be construed with reference to the immediately preceding parts of the clause to which it is to attach, and limits only the passage to which it is appended, and not the whole section or act, or, at least, only the section with which it is incorporated." Endlich, section 186, and authorities. It will be observed, that the first paragraph of section 3 declares the subject-matter of the section as follows: "That in case the taxpayer, alleged to be in default, after levy of the distress aforesaid, shall allege that the taxes have been paid, or were unjustly assessed against him, he can and may have said sale suspended," &c. Now, down to this point there can be no doubt that the matter under consideration in the section was not the subject-matter of the whole act, but special, with reference to a particular class of taxpayers alleged to be in default, viz., those who asked a suspension of sale as above indicated; and, as we think, all the stringent requirements of the section which follow were declared as parts of the proviso, and are limited to the immediate antecedent. The section proceeds: "And in case the taxpayer (meaning, of course, such taxpayer) offers no such proof, or fails to take the course herein provided, he (the said taxpayer) shall be deemed in

51—37

law to have waived," &c.  In our judgment, all these stringent
provisions were declared as a part of the proviso, and, of course,
had reference only to the particular class being dealt with, and
was not intended to change the general law.  And as the plain-
tiff did not, before the sale of her land, allege as stated above,
she did not fall into the category of the particular class referred
to, and was under the necessity of seeking her redress, if any,
under section 2, which allows an action to be brought within
two years from the sale; and, therefore, as we think, the testi-
mony which was excluded should have been admitted.  The
terms of section 3 are very broad as to what shall be consid-
ered "waived."  But, in our view, the error consisted in con-
sidering as general requirements that which was intended to
be special and limited.

This makes it unnecessary to determine in this case whether
section 3 of the act of 1887 is, or is not, constitutional.

The judgment of this court is, that the judgment of the Cir-
cuit Court be reversed, and the case remanded to the Circuit
Court for such further proceedings as may be necessary to carry
into effect the conclusions herein announced.