## POOL v. EVANS.

1. PARTIES.—In an action to set aside a deed executed by the Sinking Fund Commission to defendant, on ground of fraud, the commission is not a necessary party.

2. ESTOPPEL.—There is no estoppel by allegations that land was sold for taxes and bought by Sinking Fund Commission, from maintaining the action to set aside the deed from the commission for same land on ground of fraud.

3. FRAUD—DEED—PLEADINGS.—There are sufficient allegations of fraud in this complaint to vitiate the deed alleged to have been obtained thereby.

4. A TAX TITLE not preceded by all the steps required by the statute is invalid.

5. EQUITY—DEED—GOVERNMENT AGENCY.—The Court of Equity has jurisdiction to declare invalid a deed executed by a government agency.

6. CAUSE OF ACTION.—The second cause of action set out in this complaint is one for accounting and not specific performance.

Before WATTS, J., Laurens, October, 1899. Affirmed.

Action to vacate a deed for fraud and for accounting by Joseph Pool against the members of the Sinking Fund Commission and W. A. Neal. From order overruling his demurrer, defendant, Neal, appeals.

*Messrs. Tribble & Prince* and *Furgeson & Featherstone,* for appellant. Mr. Tribble cites: *Complaint does not state a cause of action against Neal alone:* Rev. Stat., 351; 31 S. C., 547; 40 S. C., 114. *Payment of purchase money without possession will not take a parol contract for land out of statute of frauds:* 25 S. C., 506; 27 S. C., 348; 18 S. C., 471. *The Commission is necessary party:* 23 S. C., 295; 97 U. S., 423; 43 S. C., 165; 109 U. S., 446.

*Messrs. Haynesworth, Parker & Patterson, C. J. Hunt, W. H. Irvine* and *C. F. Dill,* contra. The former cite: *Is the State a necessary party, and does the fact that it cannot be made a party, prevent the action proceeding against Neal:* Code, 143; 1 McC. Eq., 227; 29 Am. St. R., 149; 1 Rich. Eq., 95; 2 Rich. Eq., 477; 3 Rich. Eq., 423; 31 S. C., 73; 114 U. S., 270; 46 Pa. St., 223; 138 U. S., 514; 15 Pet., 93.

March 29, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was commenced on the second day of October, 1896, upon the following complaint:

"*First.* For a first cause of action: 1. That the defendant, John Gary Evans, is governer of the State of South Carolina; that the defendant, James Norton, is comptroller general of said State; that the defendant, W. T. C. Bates, is State treasurer of said State; that the defendant, W. A. Barber, is attorney general of said State; that the defendant, D. E. Finley, is chairman of the finance committee of the Senate of said State, and the defendant, C. A. Barry, is chairman of the ways and means committee of the House of Representatives of said State; and said defendants as such officers constitute the Commissioners of the Sinking Fund, under and by virtue of the laws of said State. 2. That on and before the 6th day of October, 1894, the plaintiff was the owner of the following described tract of land, to wit: All that piece, parcel and tract of land, situate in said county of Laurens, in said State, and Sullivan Township, containing 215 acres, more or less, and bounded by lands of W. B. Sullivan, T. J. Sullivan, the estate of South and others. And on said 6th day of October, 1894, and before said day, the plaintiff by his general guardian, John T. Chapman, was in possession of said tract of land, the plaintiff on and before said day being a minor, and said Chapman having been duly appointed his general guardian by the probate court of said county. 3. That on said 6th day of October, 1894, the sheriff of said county of Laurens, under and by virtue of an execution issued to him by the treasurer of said county, sold said land for unpaid taxes and penalties assessed against the same according to law, said taxes not having been paid by said guardian or any other person; and said tract of land having been bid in by the commissioners of the sinking fund as provided by law, said sheriff executed and delivered to them a deed for the same, thereby conveying the same to them as provided by law. 4. That thereafter the commissioners of the sinking fund took possession of the said tract of land and leased or rented the same, as the plaintiff is informed

and believes. 5. That as soon as the plaintiff attained the age of twenty-one years, he made application to the commissioners of the sinking fund to allow him to pay all taxes, costs and penalties accrued on said land, and to convey the same to him upon his making such payment; and on 17th day of January, 1896, the plaintiff with his attorneys appeared before the commissioners of the sinking fund in the city of Columbia, S. C., at a regular meeting thereof, and asked that said land be conveyed to him upon his paying all taxes and costs, and penalties and charges accrued against the same, and at the same time the defendant, W. A. Neal, appeared before said the commissioners of the sinikng fund and claimed that he had some interest in said land by virtue of an agreement for the purchase of the same made by him with J. E. Tindal, a previous secretary of State, and claimed that on the faith of said agreement he had made certain expenditures for improvements made by him on said land, and insisted that said land should be conveyed to him. 6. That said the commissioners of the sinking fund, after hearing the attorneys for the plaintiff and said W. A. Neal, decided to convey said tract of land to the plaintiff upon his paying all claims held by the State against said land, and refunding to said W. A. Neal all moneys expended by him on the same, and passed a resolution in reference to the same, of which the following is a copy: Resolved, That it is the sense of this board that Joseph Pool is entitled to the land in dispute, after refunding to W. A. Neal all sums of money expended by him, and after first paying all claims held by the State. 7. That in accordance with said resolution the plaintiff forthwith deposited with said the commissioners of the sinking fund all claims held by the State against said land, amounting to the sum of $71.50, and forthwith applied to W. A. Neal for a statement of the amounts expended by him in reference to said land, and was prepared to pay him the same immediately upon his stating the amount of such expenditures; but the said Neal declined to give such statement, saying that he could not then give it, and plaintiff's attorney

6—57

offered to remain in the city of Columbia (that being the
place of said Neal's residence) next day or longer for said
statement, and settle the same before leaving for Green-
ville—Greenville being the residence of the plaintiff and his
attorneys—but said Neal said he could not give said state-
ment then, but would furnish said statement to them in ten
days; but this he failed to do, and said Neal, though often
urged by the plaintiff and his attorneys to give such state-
ment, contained to put off giving said statement on first one
pretext and another; and on the 4th day of March, 1896, he
appeared before the said the commissioners of the sinking
fund in the city of Columbia, S. C., at a regular meeting
thereof, and in the absence of the plaintiff and his attorneys,
stated to said the commissioners of the sinking fund falsely
and fraudulently that he had not heard from the plaintiff or
his attorneys since the passage of said resolutions, and that
plaintiff had failed to, or offer to, pay the amount of said
expenditures, though he had furnished to him and his attor-
neys the amount thereof—he well knowing that he had not
furnished such statement, and well knowing that plaintiff
through his attorneys had urged him frequently to furnish
said statement, offering to pay the amount of such expendi-
tures immediately on being furnished said statement—and
by these false and fraudulent statements induced said the
commissioners of the sinking fund to execute and deliver to
him a deed of conveyance for said tract of land, upon the
agreement and promise, however, made by him with and to
said the commissioners of the sinking fund that if the said
Pool thereafter paid him the amount of said expenditures, he
would convey said land to him, said commissioners agreeing
in such event to refund to him the amount paid by him as the
consideration of said deed, and said the commissioners of the
sinking fund so notified plaintiff.    8. That said tracts of
land is worth the sum of $2,500 and the rents thereof are
worth $125 per annum.    The consideration paid by Neal for
the land did not exceed one-tenth of its value.    9. That im-
mediately upon plaintiff receiving said notice, he communi-

cated with said Neal, both by letter and telegram, offering to pay him the amount of said expenditures, and said Neal having stated that his expenditures and losses on said tract of land were $250, the plaintiff offered to pay him said amount and $25 in addition thereto, and the said Neal fixed a time with the plaintiff for a settlement of the matter, but failed to meet plaintiff as he had agreed to do, though plaintiff went to the place of said meeting; and said Neal continued to state that he was willing to convey said land to plaintiff on being paid said amount, but would fail to meet the plaintiff at the times appointed for the payment of the money and the execution of said deed. At one time subsequent to said Neal's failure to meet plaintiff and settle said matter according to promise, the plaintiff met him by accident in the city of Greenville, S. C., and forthwith asked him to have a settlement of said matter, offering to pay him $275 on receiving from him a conveyance of said land; and this being in the afternoon, said Neal agreed to meet him next morning and receive said money and execute to him a conveyance of said land; but instead, the said Neal left the city of Greenville that night, without notifying plaintiff thereof; and thus he continued to evade the plaintiff until about one month since, he informed plaintiff that he had been advised through his attorneys that he had good title to said land, and refused to make said deed to plaintiff on being paid said amount. Thus by a system of false statements, deceptions and evasions, said Neal has sought to deprive plaintiff of said land. 10. That the plaintiff is still ready and willing to pay said Neal any and all amounts which he has expended in improvements on said land, as required by said resolutions, and he is ready and willing and hereby offers to repay to said the commissioners of the sinking fund said amount of $71.50.

*Second.* As to a second cause of action, the plaintiff alleges: 1. That on and before the 6th day of October, he was the owner of all that piece, parcel and tract of land, situate in the county of Laurens and State aforesaid, and in Sullivan Township, containing 215 acres, more or less, and

bounded by lands of W. D. Sullivan, T. J. Sullivan and estate of South and others, and at and before said time he was in possession thereof by John T. Chapman, his guardian, the plaintiff being at said times a minor, and said Chapman having been duly appointed his general guardian. 2. That on said 6th day of October, 1894, the sheriff of said county of Laurens sold and conveyed said tract of land to the commissioners of the sinking fund—said sale being made by reason of failure to pay taxes alleged to have been assessed against said land, and subsequently thereto, to wit: on the 4th day of March, 1896, said the commissioners of the sinking fund sold and conveyed said land to the defendant, W. A. Neal, and he is now in possession of the same, claiming it under said deed. 3. That none of the requirements of law as prerequisites to the sale of said land for taxes were observed or complied with by either the auditor, treasurer or sheriff of said county of Laurens, and by reason thereof said sale of said land by said sheriff was utterly null and void, and gave no title to said the commissioners of the sinking fund, and their deed to said Neal conveyed no title to him. 4. That said deeds to said the commissioners of the sinking fund and to said W. A. Neal are nevertheless clouds on the title of the plaintiff; and the plaintiff wishes such clouds on his title removed by the Court. 5. That said the commissioners of the sinking fund went into possession of said land immediately after said conveyance to them, and held the same until they conveyed it to said W. A. Neal, and the plaintiff is willing and ready and hereby offers to pay all taxes accrued on said land, after deducting therefrom the rents received by said the commissioners of the sinking fund. 6. That the rent of said land is worth $125 per annum.

Wherefore, the plaintiff prays: That the Court decree said tax sale utterly null and void, and order said the commisioners of the sinking fund to deliver up said deed to them to be cancelled, on his paying to them all taxes accrued on said land, after deducting rents received by them for the same; and that said W. A. Neal, on such payment being

made by the plaintiff, deliver up said deed to him to be cancelled, and deliver to plaintiff the possession of said premises, and account to plaintiff for the rents and profits of said land for the time he was in possession of the same; or if the Court should adjudge that said tax sale and conveyance to said the commissioners of the sinking fund are valid, that the Court adjudge and decree said deed to said W. A. Neal null and void, as having been obtained by fraud and misrepresentation, and that said Neal be ordered to deliver up said deed to be cancelled, upon the plaintiff paying him the amount of his expenditures mentioned in said resolutions, said Neal being required by the Court to furnish plaintiff an itemized statement thereof, verified by his affidavit, within a time to be fixed by the Court; and said Neal failing to furnish such itemized and verified statement within the time required by the Court, that his said claim be disregarded, and upon plaintiff paying said amount of $71.50 to the said the commissioners of the sinking fund, that they convey to him said tract of land, and that said Neal be thereupon ordered to deliver to him the possession of said tract of land, and account to him for rents and profits of same for the time he has been in possession or may be in possession thereof, and for such other and further relief as may be just and equitable."

Upon the hearing before his Honor, Judge Watts, he sustained the demurrer interposed by John Gary Evans, James Norton, W. T. C. Bates, W. A. Barber, D. E. Finley and C. A. Barry, composing the sinking fund commission, and thereby dismissed the complaint as to them; but upon hearing the demurrer of W. A. Neal to both causes of action, because they, each, failed to state facts sufficient to constitute a cause of action, he passed an order dismissing such demurrer of W. A. Neal, and giving plaintiff leave to amend his complaint and thereafter the defendant, W. A. Neal, leave to answer.

From this order of Judge Watts, the defendant, W. A. Neal, has appealed on the following grounds: "1. Because

the complaint shows on its face, in the first cause of action alleged, that the State of South Carolina, defendant's grantor, is a necessary party to said cause of action, in order to set aside the deed of conveyance, and the Circuit Judge erred in not so holding. 2. Because said first cause of action alleged shows that the tract of land in controversy was purchased by the sinking fund commission as provided by law, and deed duly executed was according to law, and the land was purchased by the sinking fund commissioners as provided by law, and the presiding Judge erred in not holding the plaintiff was estopped by his pleading. 3. Because the plaintiff being estopped by his own allegations in the premises, has no cause of action to set aside a deed made by the sinking fund commissioners to this defendant, and the presiding Judge erred in not so holding. 4. Because the second cause of action does not state facts sufficient to constitute a cause of action against this defendant, that the allegations therein set forth in paragraph 3, are the mere assertions of the plaintiff and conclusions of law reached by himself, when he does not state a single fact upon which he bases the conclusion that said deed to the sinking fund commissioners is null and void, and the presiding Judge erred in overruling said demurrer. 5. Because if the Court of Equity has no jurisdiction over said sinking fund commissioners, it is submitted that said Court has no jurisdiction to set aside the deed made to it by the sheriff, said sinking fund commissioners not being before the Court; neither can the Court declare said deed invalid, and the presiding Judge erred in not dismissing the complaint. 6. Because if the plaintiff is entitled to any relief in equity in the premises by reason of the allegations set forth in paragraphs 6, 7 and 9, it would be by way of specific performance of contract, and he cannot maintain his action to set aside the deeds, and the presiding Judge erred in not so holding."

The first ground of complaint insists that the State is a necessary party to plaintiff's action. Of course, since *Lowry* v. *Thompson,* 25 S. C., 416, it is no longer an open question

that a suit like the present, although directed at a governmental agency, the sinking fund commission, is really a suit against the State, and, therefore, is not maintainable in our Courts. But is the State through the sinking fund commission a necessary party to this action, under the allegations of this complaint? If the allegations of fact are true, the defendant, after the sinking fund commissioners had passed a resolution to convey this land to its owner, Joseph Pool, which resolution was reduced to writing and incorporated in the minutes of the sinking fund commission, signed by the chairman and secretary, and after Joseph Pool had fulfilled his duty in the premises as required by such commission, this defendant, by uttering a deliberate falsehood and practicing a black fraud upon the sinking fund commission and the plaintiff, procured a deed from the former for the tract of land which was the plaintiff's inheritance. We will not multiply words in this connection; the State, in our judgment, is not now a necessary party, and, furthermore, it is high time that this defendant by an answer should deny, if he can, the serious charge hanging over him under the allegations of the complaint.

So far as the second ground of appeal is concerned, we may say that it is quite true that the allegations in plaintiff's first cause of action do show that the sinking fund commission did buy this tract of land for default of payment of taxes while the plaintiff was an infant and while Mr. Chapman was his general guardian, but the allegations of the first cause of action do not stop at the deed from the sheriff of Laurens County to the sinking fund commission, but they go further, and set up that such commission by its deed conveyed the land to W. A. Neal under circumstances which, if true, show that Neal procured such deed made to him by fraud and deceit; and there is no estoppel upon plaintiff by reason of any statement of fact he has included in his first cause of action, and the Circuit Judge did not err, as here contended.

As to the third ground of appeal, we may say that it is

useless to say that fraud, such as is charged in this complaint by its first cause of action, would not vitiate the present deed held by W. A. Neal and acquired from the sinking fund commission. We have reproduced this complaint in its entirety to answer itself these grounds of appeal. The Circuit Judge did not err here.

So far as the fourth, fifth and sixth grounds of appeal are concerned, they may be answered together. As we understand the plaintiff in his allegations in support of his second cause of action, while he admits thereby that the sheriff did convey this tract to the sinking fund commission, and the sinking fund commission did thereafter convey the same to the defendant, W. A. Neal, still that Neal's deed is utterly worthless, because the prerequisites laid down by the statute law of this State to a valid sale under a tax sale are wanting in this case. Of course, if at the trial of this action the plaintiff can prove in detail that these necessary elements in a valid deed under a tax sale are wanting, he can do so, no matter through how many hands the title, derived through a sale for delinquent taxes, may have passed. The plaintiff by law must bring his action within two years from the date of sale. He alleges he has done this. He may bring his action against any one in possession during that period of two years. He alleges that W. A. Neal is in possession under a claim of title derived from a tax title which is invalid, because wanting these elements essential to a valid tax title. *Section 351, vol. 1, Revised Statutes of this State; Shell* v. *Duncan,* 31 S. C., 547; *Bull* v. *Kirk,* 37 S. C., 395.

The Court of Equity has jurisdiction over any deed in the hands of one who is not a governmental agency to declare such deed invalid. The grantee of the State of lands not rightly sold for taxes must answer to the rightful owner of said lands under a suit brought within two years from date of tax sale, and such grantee is remitted to an application to the State to refund his money.

We do not see that under this second cause of action it is

necessary that the plaintiff should give a name to his relief; but in justice to the appellant, we will state that the relief under the second cause of action is not specific performance of contract, but is a demand for an accounting. It follows, therefore, that the grounds of appeal must be dismissed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and that the action be remanded to that Court to enforce the order appealed from.