6889

### HEYWARD v. CHRISTENSEN.

A TAX DEED made by a county auditor in 1872 is *prima facie* evidence of good title and that every prerequisite of the statute as to sale of delinquent lands has been complied with.

Before GAGE, J., Beaufort, September Term, 1907. Reversed.

Action by Susan Heyward, Robert Heyward and Lucinda Washington against N. Christensen. From judgment for plaintiffs, defendant appeals.

*Mr. W. J. Thomas,* for appellant, cites: *Auditor's deed is prima facie evidence of good title:* Acts 1868, 62.; Rev. Stat., 1872, 33.; Acts 1874, 772; 18 S. C., 542.; 15 S. C., 192.; 31 S. C., 555.; 40 S. C., 133.; 75 S. C., 253.

*Mr. Thos. Talbird,* contra, cites: *Appellants should show all prerequisites to delinquent sale had been had:* 15 S. C., 192. *The two year limitation does not apply to cases arising before its enactment:* 11 S. C., 332.

April 21, 1908.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    In this action the plaintiff sought to recover of defendant the possession of a small tract of land containing about ten acres, situated on Coosaw Island, Beaufort County.    The plaintiff relied on proof of a deed covering the land, executed to Dago Heyward, January 25, 1870, by the U. S. Direct Tax Commissioners, his possession of the land until his death about 1897, and plaintiff's possession and his heirs at law until July, 1906, when finally ousted by defendant.    The defendant relied upon two sources of title.

First:    Tax deed by W. M. French, county auditor of Beaufort County, to R. G. Holmes, dated August 15, 1872, sold as delinquent land and taxes due the county and State aforesaid for the year 1871, and assessed to Dago Heyward, —lease of said land by R. G. Holmes to Dago Heyward dated November 28, 1891 for one year from January 1, 1891; deed of R. G. Holmes to defendant dated August 16, 1901.

Second:    Deed of R. E. Jenkins, sheriff of Beaufort County, to defendant, dated May 16, 1902; lease of same executed to defendant by heirs-at-law of Dago Heyward, dated June 26, 1902.

Exception is taken to the refusal of the Court to charge the following requests made in behalf of defendant:

2. "A tax title or deed of conveyance made by the sheriff at a sale for taxes shall be held and taken as *prima facie*

evidence of a good title in the holder, and that all proceedings have been regular and all the requirements of the law have been duly complied with.

3. "That no action for the recovery of land sold by the sheriff under the provisions of tax laws, or for the recovery of the possession thereof, shall be maintained unless brought within two years from the date of said sale.

4: "It is not encumbent upon the holder of a tax title to prove that the law has been complied with in every respect by the officer making the sale, but if such title is good on its face the presumption is that all proceedings as to the sale of such land were regular and have been complied with."

As the tax deed under consideration is the deed of the county auditor under the law existing in 1872 the Court committed no error in refusing requests concerning tax deed executed by the sheriff under existing laws. In connection with the refusal to charge the fourth request above mentioned the Court instrutced the jury: "Now, the defendant puts in this case a deed, dated some time in 1872, by the county auditor himself. It is contended by counsel for the plaintiffs that that deed is worthless, unless it is proven to you that all things required to be done by the auditor were done before the deed was made, and I so charge you."

The Court, in this connection, further charged: "The auditor could not take up a man's land and sell it unless he proved to him the taxes were due and unpaid upon the land, the land advertised so many days for sale, and the land sold as a consequence. There is no such proof here and I therefore charge you that that title is ineffective to take title out of Heyward."

The appellant contends that the charge was erroneous as applied to a tax deed by the county auditor, executed in 1872. The statute in force at the time of the execution of the tax deed was the act of September 15, 1868, 14th Stat., 27, as amended March 12, 1872, 15th Stat., 163. This statute as amended provided that the county auditor, after

a lapse of ninety days from the time of any delinquent land sale, on presentation of a certificate to purchaser, should execute to the purchaser a deed of conveyance of the premises, "and the deed so made by the county auditor for any real estate sold at delinquent sale shall be *prima facie* evidence of a good title in the grantee, his heirs and assigns, to the real estate therein described." In construing a similar provision in the act of 1874 (15th Stat., 773), the Court held that the deed made *prima facie* evidence of title was the deed of land "sold at delinquent land sale," and at least that fact must be made to appear before the party can get the benefit of the presumption and that such fact can not be assumed from the recitals of the deed. *Cooke* v. *Pennington,* 15 S. C., 192.

Sec. 313, Gen. Stat., 1882, provided that "the conveyance of land sold at delinquent land sale shall be *prima facie* evidence of title, and shall create a presumption that every requisite of the law has been fully complied with, the burden of proof being, in every instance, upon the party impugning such lease or conveyance: *Provided,* That this chapter shall not apply to cases in which titles have been heretofore acquired." Under this provision in *Shell* v. *Duncan,* 31 S. C., 547, 10 S. E., 330, Chief Justice Simpson was of the opinion that all the claimant had to do was to prove his tax deed and rest upon the presumption until evidence was offered *aliunde* by the adverse party that the statute had not been complied with. Justice McIver was of the opinion that all the claimant had to do was to show that the land was sold at a delinquent land sale and that he had a conveyance for the same. Justice McGowan was of the opinion that the claimant should not only show that the land was sold at a delinquent land sale but that every prerequisite essential to the power of the officer to sell must be also shown. By the act of 1887 (19th Stat., 862), the sheriff made such sales and executed the deed, and it was provided therein: "In all cases of sale the sheriff's deed of conveyance, whether exe-

cuted to a private person, a corporation or the Sinking Fund Commission, shall be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular, and all requirements of the law have been duly and fully complied with," and such is now the law and was the law at the time of the trial. Cases under this last provision all recognize that the sheriff's deed conveying the land sold at delinquent land sale is *prima facie* evidence of a good title and that every requisite of the statute has been complied with. *Bull* v. *Kirk*, 37 S. C., 395, 16 S. E., 151; *Wilson* v. *Cantrell*, 40 S. C., 133, 18 S. E., 517; *Pool* v. *Evans*, 57 S. C., 78, 35 S. E., 436; *Barrineau* v. *Stevens*, 75 S. C., 253, 55 S. E., 309.

Since the provisions in the act of 1868, in force at the time of the tax sale, making auditor's deeds *prima facie* evidence of good title is in this regard substantially equivalent to the later provision on the subject, and since these statutes provided merely a rule of evidence and, therefore, the latest rule on the subject was available to appellant, we think appellant was entitled to the instruction sought by his fourth request above stated, and that is was error to instruct the jury to the contrary and to place upon appellant the burden after proving his tax deed, to further show compliance with all the statutory prerequisites. This error was vital to appellant's defense because of the fact proved that all the records of the auditor's office previous to 1874 had been destroyed.

The Court also instructed the jury in these words: "I charge you that there is no proper evidence here that the title has ever gone out of Heyward."

In addition to what has been said as to the presumption arising from the tax deed, the Court overlooked the sheriff's deed to defendant, dated May 16, 1902, and the leases executed to Dago Heyward by R. G. Holmes in 1891, and to the heir-at-law of Dago Heyward by defendant in 1902, and the evidence tending to show that the lessees went into pos-

session under said leases.   The exception to this charge is therefore well taken.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.