6713

### JARROT v. KUKER.

1. FRAUD—REAL PROPERTY—CHILLING BIDDING.—Finding by Circuit Court that plaintiff trustee and defendant on day of sale of real property under order of Court made an agreement that defendant was to buy the land for the benefit of the plaintiff and that plaintiff did not attend sale at which the property was bought by defendant at much less than its value, held not against preponderance of evidence.

2. REAL PROPERTY—CHILLING BIDDING.—STATUTE OF FRAUDS do not prevent recovery in an action to set aside a sale and restore the parties to their rights in real property or its proceeds, based on chilling bidding at a judicial sale under an oral agreement.

Before PURDY, J., Florence, February, 1906.    Affirmed.

Action by C. E. Jarrot, as trustee, Emma E. Jarrot *et al.* against John Kuker. From judgment for plaintiffs, defendant appeals.

*Messrs. S. W. G. Shipp* and *T. J. Kuker,* for appellant. *Mr. Shipp* cites: *The agreement is against public policy and should not be enforced:* 68 S. C., 250; 43 S. C., 318. *No resulting trust here:* 19 S. C., 126; 27 S. C., 1. *Nor a constructive trust ex maleficio:* 31 S. C., 60; 1 Rich., 98; 3 Rich. Eq., 424. *Rule as to chilling bidding:* 2 Rich. Eq., 177; Pom. Eq. Jur., secs. 1055, 1056; 6 Rich. Eq., 347; 62 Ala., 579; 9 L. R. A., 287.

*Mr. Kuker* cites: *The evidence shows no trust relations:* 17 Cyc, 771, 774; 6 S. C., 90; 27 Ency., 52; 6 Rich. Eq., 347; 20 Cyc., 20. *If it shows one, it is an express trust and should be in writing:* Bispham's Prin. of Eq., 120.

*Mr. George Galletly,* contra.

November 28, 1907.    The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action by plaintiffs to have a trust declared in their favor in twelve lots of land, described in the complaint, which were sold at a judicial sale at Florence, S. C., on the first Monday in November, 1897, to defendant, for the sum of $391.00.

It appears that at the time of the sale the title to the lots was in the plaintiff C. E. Jarrot, as trustee for his wife, Emma E. Jarrot, for life, and after her death for their children. By written request of the life tenant, the trustee had power of sale for reinvestment. Several years prior to the sale, these lots were recovered by the trust estate in the case of *J. Howard Jarrot et al.* v. *James G. Gibbes.* In that case the Circuit Court fixed the fees of plaintiffs' attorneys at $250.00, made the payment of the same a lien on the lots, and provided that in case of default in payment of the fees and a portion of the costs the said lots might be sold for that purpose. The costs and fees not having been paid, the lots were duly advertised for sale.

Plaintiff C. E. Jarrot alleges that before the sale, on his own behalf and on behalf of his *cestui que trustent,* he entered into an agreement with defendant that the latter should attend the sale, purchase the lots, pay the purchase money therefor, and hold the land as security for the repayment to the defendant by the plaintiffs of the amount so advanced for that purpose; that, relying on this agreement, he did not attend the sale, nor did the other plaintiffs make any other effort to protect the interest of the trust estate; that defendant attended the sale, purchased the lots for $391.00, only $9.20 more than the interest, costs and attorneys' fees; that but for said agreement plaintiffs would have attended the sale and protected their interests; that said lots were worth more than $1,200.00; and also that he had tendered to defendant the purchase price and interest, which was refused.

Defendant answered, denying having entered into any such agreement, either verbally or in writing, and alleged that he attended the sale on his own behalf, purchased the

lots at the highest bid, for $391.00, paid the purchase money and took title in his own name, went into possession, and has since remained in possession; that it was an open and fair public sale, no effort being made by any one to chill the bidding or prevent any of plaintiffs from attending the sale; that defendant refused to accept plaintiffs' alleged tender of the purchase price because he had made no agreement with plaintiffs in regard to the purchase of the land, and that he is not wrongfully withholding the property.

Before the case came on for trial, the parties entered into a written agreement providing for the conveyance of the premises to Rev. Charles Wood for $900.00, under a stipulation that the controversy should be over the fund without prejudice.

The case was tried on testimony taken by a referee and resulted in a decree that as to the property in controversy defendant was a trustee for the plaintiffs. Defendant appeals upon numerous exceptions, most of which are to the findings of fact by the Circuit Court.

Without considering the exceptions in detail, we will notice the questions that are controlling. The Circuit Court found as a fact that plaintiff C. E. Jarrot and defendant had entered into the agreement alleged in the complaint on the day of sale, and that, relying on said agreement, plaintiff did not attend the sale of the property, which was bought by the defendant at much less than its value at the time of sale. This finding is not based on the testimony of plaintiff alone as to the agreement, but upon all the circumstances of the case. After careful consideration, we are unable to say that this finding of fact is against the preponderance of the evidence.

It is vigorously contended, however, that such agreement was not shown by any writing, and that it cannot be enforced under the statute of frauds. Even conceding that the statute of frauds was pleaded, which was doubtful, the statute cannot prevent recovery in this case. The action, which is in effect an action to set aside

the sale and restore the parties to their rights in the property or fund, is not based upon a mere repudiation of any oral agreement concerning land, but is based upon the chilling of the bidding at the judicial sale, resulting from the conduct of the defendant. Such result is contrary to the policy of the law and operates as a fraud upon those interested in the sale of the property. *Fairy* v. *Kennedy,* 68 S. C., 250, 47 S. E., 338.

This conclusion renders it unnecessary to further consider the exceptions. The decree of the Circuit Court fully protects the defendant for the money paid out by him.

The judgment of the Circuit Court is affirmed.