15043

MATTHEWS v. MONTGOMERY *ET AL.*

(7 S. E. (2d), 841)

August, 1939.

*Messrs. M. L. Meadors* and *W. Stokes Houck,* for ap-lant,

*Mr. J. D. O'Bryan,* for respondent,

March 21, 1940.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This is an action to set aside a tax deed from the Sheriff of Williamsburg County to the Forfeited Land Commis-

sion together with a contemporaneous deed from the Forfeited Land Commission to the respondent, L. K. Montgomery, son of the respondent Frances K. Montgomery, against whom as alleged owner the properties had been sold for delinquent taxes the year before. The case comes here upon appeal from an order sustaining a demurrer, interposed by the respondent, L. K. Montgomery, to the first and second causes of action in the complaint.

The first cause of action is based upon alleged fraud and collusion in connection with the tax deeds, and charges intent to hinder and defraud creditors of the defendant, Frances K. Montgomery, particularly the appellant, Mrs. C. C. Matthews, under the Statute of Elizabeth, Code 1932, Section 8696.

The second cause of action charges irregularities in the tax sale and deeds and alleges that the Forfeited Land Commission was induced and persuaded by the respondents to accept from the sheriff and convey to the respondent L. K. Montgomery only the most valuable portions of the lands of the respondent Frances K. Montgomery.

The third cause of action, alleging that the deed to L. K. Montgomery was for the benefit of his mother, the said Frances K. Montgomery, and that the title he received, if any, was only in trust for her, is not before us at this time

The complaint alleges the following facts common to both causes of action:

The respondent, Frances K. Montgomery, was the owner and entitled to possession of three described parcels of real property in Williamsburg County:

No. 1 being in the Town of Kingstree and bounded on the North by lands of Alma E. Hodges, on the East by the right-of-way of the A. C. L. Railroad, on the South by said right-of-way and Hampton Avenue, this lot running to the intersection of the right-of-way and Hampton Avenue, and on the West by Hampton Avenue.

No. 2 also being in the Town of Kingstree and bounded on the North by lands of Mrs. M. R. Brockington, on the East by right-of-way of the A. C. L. Railroad, on the South by lot of Mrs. Alma E. Hodges, and on the West by Hampton Avenue.

No. 3 being a tract of 131 acres in Kings Township about four miles East of Kingstree and bounded on the North by public road from Kingstree to Hemingway and lands of E. M. McCutchen, on the East by lands of Mrs. M. K. Brockington and the run of Boggy Swamp, on the South by lands of Benjamin Fulton, and on the West by lands of Fulton and lands of E. M. McCutchen, being the identical lands awarded Mrs. F. K. Montgomery in the partition of the lands of the estate of W. H. Kennedy.

The appellant had commenced an action against L. C. Montgomery and F. K. Montgomery, defendants, and E. L. Montgomery, which resulted in a verdict by direction of the Court on December 13, 1933, in favor of appellant against the defendants in that action, whereon judgment was entered for $1,179.15 on December 21, 1933, followed thereafter by an execution which remains unpaid.

In Paragraph IV of each cause of action the complaint alleges: "That on or about December 12, 1933, while the Court of Common Pleas for Williamsburg County was in session and the day before the trial of the action hereinabove referred to with the resulting verdict in favor of the plaintiff, the defendants herein procured the execution and delivery of a deed of conveyance by W. R. Graham, Sheriff of Williamsburg County, unto J. D. Britton, Donald Montgomery and J. Wesley Cook, as and constituting the Forfeited Land Commission for Williamsburg County and likewise on the same day procured the execution and delivery of a deed of conveyance from the said Forfeited Land Commission unto L. K. Montgomery, one of the defendants, and a son of the defendants Frances K. Montgomery and L. C. Montgomery, both of said deeds purporting to convey the premises hereinabove described."

From this point the allegations of the two causes of action diverge. The first cause of action continues with allegations as follows:

Both of said deeds purported to have been executed pursuant to an alleged sale for taxes on sales day in the month of December, 1932.

"V. That before and at the times of the alleged tax sale and of the execution of the alleged deeds hereinabove referred to, the defendant, Frances K. Montgomery, was indebted to the plaintiff upon the obligation on which the suit above mentioned was brought and judgment obtained; that for a considerable time previous thereto the plaintiff had been engaged in efforts to collect her indebtedness, that the defendants, Frances K. Montgomery and L. C. Montgomery, had made numerous promises to pay the same, employed various devices to secure additional time, and had persuaded and induced the plaintiff to accept certain collateral securities, which afterward proved utterly worthless, and in consideration thereof to extend the time for payment of said indebtedness and thereby postpone the commencement of suit until such time as to permit the supposed sale for taxes and execution of the deeds hereinabove referred to."

"VI. That the said Forfeited Land Commission is charged by the statutes creating and regulating the same with the duty of holding and treating as assets of the county and state all lands deeded to it pursuant to tax sale, and with the further duty of selling such lands to the best interests, and as deemed most advantageous to the said County and State; that the premises described in the deed hereinabove referred to, on the date of its execution were worth an amount far in excess of the amount of the taxes then due and owing thereon, that the consideration for said conveyance, as stated therein, was grossly inadequate, totally insufficient to support or justify a sale of the premises referred to, contrary to the interests of the state and of the

county of Williambsurg, and the conveyance, therefore, in violation of the statutes above referred to and void."

"VII. That plaintiff is informed and believes that the execution of said alleged deeds from W. R. Graham, sheriff, to the Forfeited Land Commission, and from the Forfeited Land Commission to L. K. Montgomery, were brought about and accomplished through the fraud and collusion of the defendants herein, and were part of one and the same transaction which alone, or together with the inducement of plaintiff to postpone commencement of suit, was engineered, designed and executed by the defendants in order to hinder, delay and defraud the creditors of the said Frances K. Montgomery, particularly the plaintiff herein, and to place the property of said defendant beyond the reach of the process of the Court in said action; that the defendant, Frances K. Montgomery, thereby voluntarily and without any valuable consideration, or without any adequate valuable consideration, relinquished, and acquiesced and joined in the conveyance of her equity in the said premises, the value of which was far in excess of the amount of the taxes for which said premises were allegedly sold, and that said transactions were not bona fide and did not constitute a valid sale and conveyance of said premises unto L. K. Montgomery; that the defendant, L. K. Montgomery, named as the grantee in the said deed of the Forfeited Land Commission, accepted said conveyance with full notice and knowledge of all the facts and circumstances as hereinabove alleged, and participated in the fraudulent design and purpose of his parents, in seeking to evade the payment of their obligations, and that the plaintiff's security by the execution and delivery of the deeds hereinabove referred to was impaired and destroyed."

And the second cause of action continues with the following allegations:

"V. That said alleged deed of W. R. Graham, sheriff, was in form a tax deed and purported to have been executed pursuant to an alleged sale on the 5th day of December,

1932, of all of the lands of the defendant, Frances K. Montgomery, located in the Town of Kingstree, described as 'Four lots in the name of Mrs. F. K. Montgomery'; and also of a tract of 131 acres, more or less, in King Township of Willamsburg County, the supposed sale of said premises in the Town of Kingstree, being made for the taxes for 1930 and 1931; and the supposed sale of the premises located in King Township being made for the taxes for the years 1929-1931 inclusive."

"VI. That the advertisement of sale was wholly inadequate and insufficient to identify the premises to be sold, particularly that portion located in the Town of Kingstree; and that two of the lots so advertised and allegedly sold and bid in by the County Auditor for the Forfeited Land Commission as provided by law, were excluded from the deed executed by the sheriff to the Forfeited Land Commission, said deed purporting to convey only the premises hereinabove described, in paragraph II."

"VIII. That the first two parcels of real estate hereinabove described are located in the business section of the Town of Kingstree were free of encumbrance at the time of such sale, and constituted by far the most valuable of the property of the said Frances K. Montgomery; that the two remaining parcels belonging to said defendant in the Town of Kingstree and which were excluded from the said deeds of conveyance were of little value and subject to encumbrances; that the sheriff of Williamsburg County was totally without any warrant or authority whatsoever to exclude from his conveyance to the Forfeited Land Commission, and that said Forfeited Land Commission was entirely without any right, warrant or authority to accept from the said sheriff a deed from which there had been excluded a portion of the premises advertised for sale and bid off by the County Auditor for the said Forfeited Land Commission as provided by law; that plaintiff is informed and believes that the said county officials were induced and persuaded to exclude said lots from the said deed by the de-

fendants herein, and that in so doing the said sheriff and the said members of the Forfeited Land Commission acted unofficially and without any legal authorization and that their acts were totally null and void and failed utterly to effect any conveyance of the premises described in the said alleged deed."

"IX. That plaintiff is informed and believes that the said sheriff, before advertising the premises for sale, failed to levy upon and take exclusive possession thereof, as required by law, and that neither the said sheriff nor any legally constituted deputy made any entry upon any of said real estate for the purpose of making such levy and taking possession thereof, and that after said alleged sale and the execution of the purported conveyance to the Forfeited Land Commission, the said sheriff failed to place the alleged grantee in possession of said premises or to take any step, or to do anything directed toward that end, and that for these additional reasons said alleged sale and deed executed pursuant thereto were, and are, utterly null and void."

"X. That the defendant, L. K. Montgomery, was not placed in and has never had possession of the said premises, but that the same have been continuously since the date of said transaction, and are now in possession of the defendant, Frances K. Montgomery, who has continued to collect and receive the rents and profits and enjoy the benefits thereof in the same manner as before the execution of said alleged deeds, until the present time."

The prayer is that both deeds be set aside and declared null and void, and that the respondent, Frances K. Montgomery, be adjudged the owner in fee of the described premises, subject to the rights of appellant under her judgment; that the said premises be impressed with a trust in favor of Frances K. Montgomery and the legal title thereto held by L. K. Montgomery for her use and benefit and that the proceeds be by proper order of the Court applied to the payment of appellant's judgment; for other and further relief and costs.

The two grounds upon which the Court below sustained the demurrer to both causes of action are: That they do not state facts sufficient to constitute a cause of action against said defendants, in that:

"1. It appears by the allegations of said cause of action that this defendant holds title to the lands described in said cause of action by deed from the Forfeited Land Commission of Williamsburg County, to whom a tax deed therefor had been made by the sheriff of Williamsburg County by authority of and in compliance with the laws of the State of South Carolina, commanding him and directing him in respect to the sale of real property for delinquent taxes, and that said lands were sold for taxes and the deed from the sheriff therefor was executed and delivered prior to the date of plaintiff's judgment against the defendant Frances K. Montgomery, at which time the plaintiff had no interest in, lien upon or title to said lands."

"2. It appears by the allegations of said cause of action that plaintiff neither has nor has ever had any title whatever to the lands described in said cause of action, hence she cannot question the validity of the tax sale thereof through which this defendant holds title to said lands."

Appellant has taken the following exceptions:

1. "That his Honor, Judge Stoll, erred in sustaining the demurrer to the first cause of action, it being respectfully submitted that it is totally immaterial whether or not the plaintiff had any interest in, lien upon or title to the premises involved before, or at any time previous to, the exception of the supposed deeds, and that the facts alleged in said portion of the complaint clearly set forth a cause of action under the Statute of Elizabeth."

"2. That his Honor erred in sustaining the demurrer to the second cause of action, it being respectfully submitted that the fraudulent acts and conduct of the defendants therein alleged amply set forth a cause of action entitling the plaintiff the relief demanded."

Appellant thus states the question for decision: "Is a tax deed void because of fraud in the procurement of its execution?"

Respondent, on the other hand, states the question: "May one who had no-title to real property at the time of a tax sale thereof question the validity of such sale and the title made thereunder?"

It is necessary to consider the two causes of action separately and in so doing to differentiate between attacking the deeds for alleged fraud or collusion and attacking them for alleged irregularities in the tax sale and proceedings.

The first cause of action charges fraud and collusion with intent to hinder, delay and defraud the creditors of said Frances K. Montgomery, particularly the appellant herein, accomplishing the same by means of tax proceedings, culminating in the two deeds executed the day before appellant obtained her verdict and thereby effectually placing the properties beyond reach of execution upon the judgment she was about to obtain.

Fraud, it is true, cannot be pleaded by name only or by mere legal conclusion without facts. On the contrary, facts must be alleged from which the inference of fraud is to be drawn, and such facts must reasonably tend to support such an inference and must be set out clearly. *Lilienthal v. Service Co.*, 174 S. C., 177, 177 S. E., 98; *Cooper et al. v. Bridwell*, 177 S. C., 219, 181 S. E., 56.

The allegations of the complaint, if true (and they are to be taken as true for the purpose only of passing upon the demurrer), contain in the first cause of action sufficient facts with clearness which, if proved, would reasonably tend to support the fraud charged. In effect, it is alleged that the owner of the real properties sold for taxes was indebted to appellant prior to the tax sale and at the time of the tax deed about a year later was on the eve of trial and about to have a judgment entered against her on the debt; that she had been pressed for pay-

ment; that she had given worthless securities in order to obtain time. She apparently had no defence to the suit, because it is alleged that a verdict in favor of appellant was directed by the Court in the pending suit on the very next day after the tax deed had been made by the sheriff to the Forfeited Land Commission and straightway conveyed out of the Forfeited Land Commission on the same day by deed to her son. It is further alleged that the defendants, viz., she and her son and her husband, procured the said deeds into and out of the commission, that the consideration was grossly inadequate, that the deeds were accomplished by fraud and collusion on the part of the said defendants, which together with the inducement to appellant to postpone commencement of her suit was designed to hinder, delay and defraud creditors, particularly the appellant, and thus place the properties beyond reach of an execution on her judgment; and that the respondent, L. K. Montgomery, accepted the deed with full knowledge of all the foregoing facts and participated in the fraudulent design and purpose of his parents.

These are allegations of fact set forth in the complaint and not bare legal conclusions. *South Carolina Nat. Bank v. Loan Company,* 159 S. C., 359, 157 S. E., 74. The judgment was imminent, the consideration grossly inadequate, the defendants closely related, the purpose intended and the resulting effect was to remove the property beyond the reach of execution; and the ultimate grantee, who in addition was a son of the debtor, knew of all the same and participated therein. These allegations, if true, are sufficient statements of fact and circumstances reasonably tending to support the charge of fraud and collusion.

The practical result of the transaction as alleged, if appellant has no remedy, is that the properties of the debtor will have passed to her son by means of a tax sale and the equity therein will have passed to the son without adequate consideration, leaving the creditor, to whom the debt was

owing before the tax sale, with an empty judgment, the properties having thus been removed beyond reach of execution.

If it be granted, as alleged in the first cause of action, that it was the purpose and design of the defendants to remove these properties beyond appellant's reach before she should reduce her claim to judgment, there were two choices of the means available for carrying out the purpose. They could either pay the taxes or redeem from the tax sale with the son's money and make a deed of conveyance to the son: or, as is alleged to have been the case, let the tax sale take its course and have the son buy in the properties from the Forfeited Land Commission. The difference lies only in the means used. The intent remains the same.

It can scarcely be doubted that if, instead of suffering the properties to be sold for taxes, the owner had made a voluntary deed to her son, or a direct deed of conveyance by her own voluntary act, under the circumstances and with the design above recited, in consideration of his paying not the substantial value of the properties but only the amount of taxes due thereon, or a grossly inadequate consideration, the transfer would be subject to being set aside under the Statute of Elizabeth to the extent of the value of the properties over and above the amount paid therefor by the son.

Does it alter the case that with the same intent the parties, as alleged, collude together to use the hands of the tax-authorities to accomplish by means of a tax sale a result which would be subject to attack if it were attempted by a deed of conveyance of their own voluntary act? Or is there such sanctity inherent in the nature of a tax deed, made by the duly constituted officers of the county, as renders a tax deed immune from attack for fraud?

The processes of the law for the collection of taxes and for the sale of property of the defaulting taxpayer are legal functions and must be allowed to take their course to the end that the county's revenue be collected

and the public business be not impaired. The exercise by sheriff and Forfeited Land Commission of their functions in the performance of the duties imposed upon them by law, so long as they act regularly and with impartiality and do not exceed their powers, are not to be impugned. *Pool v. Evans,* 57 S. C., 78, 35 S. E., 436. The complaint in this case does not charge any fraud or collusion on their part nor are they parties to this suit.

The regularity, however, of tax sales and tax deeds after the deeds have passed out of the possession of the State governmental agencies, if resorted to by a taxpayer as a means and with the intent of making a fraudulent transfer in order to obstruct his creditor, is no more of an obstacle to a suit to set aside the deeds for fraud than would the regularity and legality in form and execution of a conveyance by voluntary act of the parties interpose a shield which would protect it from attack if the requisites of fraudulent intent are present.

If the elements necessary to set aside a transfer for fraud are shown, the legality in other respects of the means by which the design is accomplished affords no defence. It is the fraudulent purpose and the injurious result, not the form of the transaction nor the illegality or irregularity of the instrument, or the means used for its accomplishment, which render such transactions voidable at the instance of a person injured thereby.

"Generally speaking, fraud in the procurement of a tax deed is ground for its cancellation in equity, whether the fraud be actual or constructive." 61 C. J., Section 1996, page 1406.

Fraud may take a great variety of different forms, but regardless of form, if the fraud be proven, the transaction is rendered voidable. Even so solemn a matter as the judgment of a Court, if procured by fraud or collusion, is subject to being set aside notwithstanding the regularity of the judicial proceedings by which it was obtained. *First Carolina's Joint Stock Bank v. Knotts,* 191 S.

C., 384, 1 S. E. (2d), 797. A tax deed is of no greater solemnity than the judgment of a Court of record. That a tax deed or a deed from the Forfeited Land Commission may be set aside for fraud in a proper case is shown by the cases of *Interstate Building & Loan Association v. Waters,* 50 S. C., 459, 27 S. E., 948; *Pool v. Evans,* 57 S. C., 78, 35 S. E., 436; and *Jones v. Boykin,* 70 S. C., 309, 49 S. E., 877, 878. In the last named case the Court said: "The complaint does state that the defendant received a deed from the sheriff under a tax sale of said land  *  *  *  and it is true that  *  *  *  such a deed is *prima facie* evidence of a good title; but the same paragraph proceeds to state other facts, which, if established (and on demurrer they are to be treated as admitted), must overthrow such *prima facie* evidence and make the deed null and void for fraud, or estop the defendant from asserting his deed against the plaintiffs." We conclude that there is nothing in the nature of a tax deed as such which precludes equitable relief from fraud upon a proper showing.

But it is urged that the appellant was not a judgment creditor at the time of the tax sale nor at the time of the tax deed a year later, and that until entry of her judgment she had no interest in or lien upon the land; that until entry of judgment the debtor had a legal right to deal as she chose with her own property and if she let it be sold for taxes anyone could purchase it from the Forfeited Land Commission unaffected by a judgment subsequently entered. This argument is doubtless sound if the property had been purchased in good faith by an innocent stranger for value and without notice. It is inapplicable however to the present case. The complaint does not state the date upon which the debt, afterwards reduced to judgment, was incurred, but in Paragraph 5 of the first cause of action it is alleged that it was "before and at the times of the alleged tax sale and of the alleged deeds." For the purposes of the demurrer we therefore take it, as we must, that the debt was in existence before the first tax sale.

Appellant bases her claim of right to attack the deeds upon her position as an existing creditor under the Statute of Elizabeth, Code 1932, Section 8696. This statute specifies in the broadest language the kinds of transfers which if *"had or made, to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts,"* etc., renders them void only as against such persons whose actions, suits, debts, etc., are thereby disturbed, hindered, delayed or defrauded.

The protection afforded by the statute is not limited to judgment creditors. The statute says "creditors and others." The requirement in certain cases of a judgment and *nulla bona* return before entering suit to set aside a deed is for the purpose of establishing insolvency of the debtor and exhaustion of the legal remedy before resorting to the equitable. *Temple v. Montgomery,* 157 S. C., 85, 153 S. E., 640. The rule carries with it no requirement that a creditor must have been armed with a judgment and *nulla bona* return at the time the deed or transfer under attack was made in order to render the creditor susceptible of being injured in the loss or impairment of his debt by such transfer within the meaning of the statute. It is only necessary that the debt should have been in existence or the right of action have accrued at or before the time of the transfer. It may be reduced to judgment at a later date. To determine whether a person is such an existing creditor as can invoke the protection of the statute the inception of the debt or obligation is the time which controls; and not the date of the subsequent entry of judgment. *King v. Clarke,* 11 Hill Ch., 611; *McAfee v. McAfee,* 28 S. C., 188, 5 S. E., 480; *DuRant v. DuRant,* 36 S. C., 49, 14 S. E., 929; *Barrett v. Still,* 102 S. C., 19, 86 S. E., 204; *Dennis v. McKnight,* 161 S. C., 209, 159 S. E., 555.

"The plaintiff's case is not based upon their contract—it proceeds upon the fraud, and undertakes to show that, by its consummation, they have lost all possibility of collecting their debt. Whether it was due or not is, in this view, wholly

immaterial. But the fact is, that the great bulk of the debt was due before the writ issued." *Mowry & Son v. Schroder,* 4 Strob., 69.

Moreover, to the case before us, the rule stated in *Gardner v. Kirven,* 184 S. C., 37, 191 S. E., 814, 816, may be applicable: "Where transfers to membebrs of the family are attacked either upon the ground of actual fraud or on account of their voluntary character, the law imposes the burden on the transferee to establish both a valuable consideration and the *bona fides* of the transaction by clear and convincing testimony."

We conclude that the demurrer to the first cause of action on the grounds specified is not well taken and the first exception must therefore be sustained.

The second cause of action is not so clear. The transcript of record states: "The second cause of action substantially sets out a number of irregularities in connection with the supposed tax sale and execution of the deeds; and further, that the Forfeited Land Commission was induced and persuaded by the defendants to accept from the sheriff of Williamsburg County, and in turn to convey to the defendant, L. K. Montgomery, only the most valuable portions of the lands of Frances K. Montgomery originally included in the supposed tax sale, *in order to place said valuable properties out of the reach of plaintiff's judgment* (italics ours) which was then about to be taken. It is also alleged that the premises have remained in possession of the defendant, Frances K. Montgomery, continuously since the alleged conveyance to her son."

The second cause of action, however, is set out in full in the Transcript of Record, from an examination of which it does not appear that an intent in the words we have above italicized or any fraudulent intent or purpose are specifically alleged. As the second cause of action is itself set forth, in case of variance or conflict the preliminary statement in the transcript must yield to the al-

legations actually contained in the second cause of action. *Forbes v. Kingan,* 174 S. C., 24, 176 S. E., 880.

If the second cause of action charged fraud or pleaded facts from which the inference of fraud naturally arises, it would not be demurrable because it also charged irregularities in the tax proceedings and deeds. But if it charges only irregularities in the tax sale procedure without fraud, the question arises whether because appellant, prior to the entry of judgment, had no interest in the premises to support a right to attack on the sole ground of irregularities the tax deeds, which were executed before her judgment was obtained, acquired any such legal right upon the entry of her judgment; this upon the ground that she, to the extent of her judgment lien, succeeded to and claimed under and in right of the former owner, her judgment debtor.

We are of the opinion that the second cause of action charges only irregularities, charges no actual fraud or fraudulent intent nor facts from which an inference of fraud would naturally arise. Nor does it allege that the deed to L. K. Montgomery was voluntary or without consideration. The closest approach to such a charge in the second cause of action is that defendants procured, induced and persuaded the officials to execute the deeds and that the defendant, Frances K. Montgomery, remained continuously in possession. But as far as the allegations in the second cause of action go, L. K. Montgomery may have paid the full value of the properties to the Forfeited Land Commission for the deed. We are not at liberty to transpose allegations contained in the first cause of action to prop up the second. Each cause of action must be complete in itself and stand on its own bottom. *Latimer v. Sullivan,* 30 S. C., 111, 8 S. E., 639.

Nor does the fact that the mother was allowed by the son when he purchased to remain in possession imply fraud. If he bought *bona fide* and for full value he could put anyone he chose into possession.

The allegation that some of the property was excluded from the deeds because of little value and subject to incumbrances might conceivably have some remote bearing on intent if such intent had been charged. But that circumstance does not of itself tend to show any injury to appellant. If all of the property had been sold and conveyed by the tax deeds under circumstances which did not make them voidable as to appellant, it is difficult to see why they would become voidable under the same circumstances merely because they covered less than all of the property.

The second cause of action must therefore stand or fall upon the irregularities set forth; and depend upon the question whether appellant, having had at and prior to the deeds of December 12, 1933, no interest or lien in the land, nevertheless has a standing in Court and a right to attack the deeds for irregularities only, by reason of having at the time of the institution of the present action and at all times after the entry of her judgment, such as lien upon the land involved as would enable her as claiming in right of her judgment debtor to have the question of the validity of the tax deeds judicially determined under the rule pronounced in *Home Building and Loan Association v. Spartanburg,* 185 S. C., 353, 194 S. E., 143.

Inasmuch as the form of the second exception does not bring this question up before us, we are precluded from exploring its possibilities by the rule in *Waddell v. Cary,* 155 S. C., 152, 152 S. E., 179, and other cases where this Court has declined to pass upon questions not raised in the exceptions. *Pudigon v. Goblet,* 24 S. C., 476; *London v. Youmans,* 31 S. C., 147, 9 S. E., 775, 17 Am. St. Rep., 17; *Hydrick v. Fairey,* 132 S. C., 335, 128 S. E., 358; *Hamilton, etc., v. Boston Ins. Co.,* 133 S. C., 472, 131 S. E., 22; *Hall v. Assurance Society,* 177 S. C., 148, 181 S. E., 33; and *Marion v. Baxley,* 192 S. C., 112, 5 S. E. (2d), 573.

The second exception assigns error only in "that the fraudulent acts and conduct of the defendants therein al-

leged amply set forth a cause of action entitling the plaintiff to the relief demanded." Having held that the second cause of action does not allege fraud, the second exception cannot be sustained.

It follows, therefore, that the order of the Circuit Judge appealed from herein must be affirmed as to the second cause of action, and must be reversed as to the first cause of action.

Respondents are hereby granted twenty days after the filing of the remittitur herein in the Court below in which to serve their answer in this cause.

Mr. CHIEF JUSTICE BONHAM and Mr. JUSTICE FISHBURNE and Mr. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.

Mr. JUSTICE BAKER did not participate in this decision.