15845

SEARSON v. WEBB *ET AL.*

(38 S. E. (2d), 654)

Mr. A. S. Merrimon, of Sumter, for appellant,

Mr. Fred Lesesne, of Manning, for respondent,

June 5, 1946.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court.

Respondent is the first cousin of appellant Webb. She lives in Durham, North Carolina, while he resides upon land in Clarendon County which was formerly the property of their ancestor. She brought suit against him and against Charlton DuRant, Esquire, upon allegations to the effect that together they went in January, 1944, to Mr. DuRant to purchase the land, 38 acres, and procured a price at which the seller said that he would be glad to dispose of the property to members of the family; that it was agreed that the purchasers return in March following and make a cash payment whereupon deed would be made to them in equal shares; the land had been occupied by Webb as a tenant of Mr. DuRant and also by plaintiff's mother, who had died shortly before.

Thereafter, on Feb. 27, 1944, Webb wrote the respondent in Durham that he had used his money to buy fertilizer and could not then pay his share of the cash portion of the purchase price and had asked Mr. DuRant to extend the time for payment until the fall (of 1944) and was told by him that the price would be higher then; respondent had her intended portion of the cash payment in hand, and still has it, and is otherwise ready to become the purchaser of half-interest in the land. She went from Durham to Manning, Mr. DuRant's home, about the middle of October (1944) expecting to join Webb in completion of the purchase, in accord with their agreement, and discovered that he, without communicating with her and without her knowledge or consent, had made the purchase for himself on Oct. 7th, obtained deed upon cash payment of $600.00 and the execution of a purchase-money mortgage to Mr. DuRant for the unpaid balance, $400.00, payable in installments, and the deed and mortgage were recorded. Thereupon respondent made demand of Webb that he accept payment from her of one-half of the cash payment which he had made and agree that she assume payment of one-half of the mortgage debt, and he make deed to her, with renunciation of dower, for an undivided moiety of the land; but Webb refused and offered, instead, to sell and convey to her ten acres of the land at an unstated price.

It was further alleged in the complaint that the stated facts constituted a breach by Webb of his bargain with the plaintiff whereby the rights of the latter were violated, and that Webb should be adjudged to be the owner of a half-interest in the land subject to a constructive trust in favor of respondent and should be required to convey legal title thereof to respondent upon her payment of an amount equal to half of the cash payment which he had made and upon her assumption of payment of half of the purchase-money mortgage, and that Mr. DuRant be required to agree to the latter. The prayer of the complaint is for relief responsive to the foregoing allegations and for costs.

Appellant demurred upon the grounds that the facts stated in the complaint do not constitute a cause of action because (1) they do not give rise to a constructive trust or other right or interest in respondent, and (2) the agreements alleged were in parol and therefore void under the statute of frauds and the statute requiring that trusts be created in writing, and (3) that the alleged agreements were void for indefiniteness and uncertainty, were without consideration and were abandoned by mutual consent.

After hearing arguments upon the demurrer the Circuit Court overruled it upon the ground that the allegations were of facts which if proven would establish a constructive trust as contended in the complaint for it would be unjust and inequitable for Webb to profit by his conduct which constituted at least constructive fraud in that he occupied a position of confidence with the plaintiff, his cousin, who was residing without the state and relied upon his letter of February, 1944. It was held that the statute of frauds and the statute requiring writing for the creation of a trust are not violated by the creation of a constructive trust by operation of law; and further that the complaint does not show on its face that the contract between Webb and respondent was an oral one, and that it might be assumed for the purpose of the consideration of the demurrer that it was in the form required by law. *McMillan v. King,* 193 S. C., 14, 7 S. E. (2d), 521. And Code section 9042 was also cited to the effect that a constructive trust need not be proved by a written instrument. It was said in the conclusion of the order, as follows: "It appears that the agreement between plaintiff (respondent) and Webb was definite and certain, based upon valid consideration, and there is nothing in the complaint to show that it was abandoned". Leave was given appellant to answer within the time provided by law.

The appeal is upon exceptions under which appellant argues two questions: Do the allegations of the amended complaint raise a constructive trust? And, was the alleged agreement within the statute of frauds?

The argument is largely based upon the authority of *All v. Prillaman*, 200 S. C., 279, 20 S. E. (2d), 741, 159 A. L. R., 981. The length at which the court there defined a constructive trust and undertook to elucidate the governing principles and applicable rule relating to the quantum of proof makes repetition of such now unnecessary. However, that case is not controlling here. Its facts plainly distinguish it. There it was attempted to, in effect, set aside a deed, executed, of course, under seal, which imported a consideration and the evidence established valuable consideration. And the incidental endeavor in that case was to establish by parol an express trust, which was unenforceable under section 9041 of the Code, of the same number in the present (1942) codification. Moreover, the contention there was by the purported devisees of the grantor who faced the barrier of the solemn deed and subsequent ratification of their testatrix, while here plaintiff is not under that handicap. There is no claim in this case against the maker of the deed whereby abuse of plaintiff's confidence was allegedly accomplished. Another important difference in the cases is that in that cited the deed upon which it was proposed to engraft a trust was apparently made in part purpose to hinder the claims of grantor's creditors, which constituted a too faulty foundation for the erection of a constructive trust. Finally, the decision in *All v. Prillaman* turned principally upon the failure of proof of fraud or infidelity of the grantee and the high degree of proof required to establish a constructive trust was fully explained. It must go beyond the ordinary requirement in civil cases of preponderance or greater weight of the evidence. See the veritable catalog of cases in the annotation in 23 A. L. R., 1500.

A constructive trust is the creation of the court and is permitted to be proved by parol despite the statute of frauds upon the high and long-established ground that the statute will not be permitted to shield a fraud. The device has statutory sanction in this State. Sec. 9042, Code of 1942. However, it does not result from unwritten words alone, but by the fact of fraud, bad faith, abuse of confidence or violation

of a fiduciary duty which gives rise to an obligation in equity to make restitution to the wronged *cestui.*

Restatement of the Law of Restitution of the American Law Institute, page 641 *et seq.,* contains an enlightening exposition of the subject. There is found this: "A constructive trust, unlike an express trust, is not a fiduciary relation, although the circumstances which give rise to a constructive trust may or may not involve a fiduciary relation". Touching the situation alleged in the case before us, the authors say at page 644: "So also, in certain cases where the defendant wrongfully prevents the plaintiff from acquiring property and acquires the property for himself, the defendant can be compelled to surrender the property to the plaintiff, and not merely to restore the property to the person from whom the defendant wrongfully acquired it".

Parallel is found for the principle applicable in this case in *Lefkowitz v. Silver,* 182 N. C., 339, 109 S. E., 56, 23 A. L. R., 1491. There the plaintiff and one of the defendants verbally agreed to acquire together valuable business property and negotiated to that end through an agent. Pending such, Silver secretly approached, through another agent, the owner of the property who lived in a distant city and arranged the purchase for himself and his mother, leaving out the plaintiff, as plaintiff in the instant case alleges she was quietly ignored. The court held that if the facts were established by strong, cogent and convincing evidence, more than a mere preponderance, an enforceable constructive trust would thereby be established and the plaintiff entitled to an adjudication that he was the owner, and entitled to the conveyance, of half-interest in the property upon payment of the commensurate portion of the purchase price. The opinion is a well-reasoned one, replete with citations of earlier authorities and for the purpose of our present decision we adopt the principle applied in that case.

It may be said that North Carolina has no statute corresponding to the seventh section of the original English statute of frauds, requiring writing for the creation of an express trust, which we do (Sec. 9041, Code of 1942). But

we also have Sec. 9042 effectively excepting therefrom trusts arising from implication or construction of law, so the situation is the same and the authority of the North Carolina decision is fully persuasive.

The case last cited is relied upon approvingly in Perry on Trusts, 7th Edition, volume 1, at page 371, for the following textual statement: "Where two persons were jointly negotiating through an agent for the purchase of real estate which they were to hold as tenants in common and one of them sought out the owner and purchased the property for his sole benefit, he took as trustee". Similarly it is said on the same page of this well-known work: "So one who stands in any fiduciary or *confidential relation* to another and acquires an interest in property through a breach of duty will be held to be a trustee for the other party". (Emphasis added.)

*Lefkowitz v. Silver* and other decisions are relied upon in 65 C. J., 474, for the following text: "Where it is orally agreed between two persons that land shall be purchased for their joint account, but one obtains title in his own name, * * * a constructive trust arises in favor of the person defrauded * * *"

Volume 2 of Bogert on Trusts and Trustees contains at page 1345 the following generalization, within which the alleged facts of this case come: "Constructive trusts will be considered as comprising those cases where a court of equity finds that a defendant holds a property interest unfairly as against the complainant, but not under an express or resulting trust"; and at page 1351: "But they are subject to the suspicion of the possibility of depriving a person of his property by fraud and perjury, and a beneficiary must prove his case by clear and convincing evidence".

The discussion of the subject of Joint Adventures in 30 Am. Jur., 675 *et seq.*, is very largely applicable. From page 697 we quote: "The fiduciary relationship between coadventurers ordinarily precludes one of them from purchasing or leasing property related to the enterprise, either for himself or another, in the absence of a full disclosure to his

associates". Similarly pertinent is 54 Am. Jur., 173 *et seq.,* Trusts, from page 175 of which this is taken: "The general rule is that a purchase, upon his own account or for his own benefit, by a fiduciary or confidant, of the property constituting the subject-matter of the confidence or fiduciary relationship, in violation of the trust or confidence reposed in him, raises a constructive trust in favor of his principal or confider".

The governing principle of equity is not unlike that applied in cases where an agent for the purchase of property clandestinely buys for his own account. It is succinctly stated in 54 Am. Jur., 180, 181: "The majority rule is, however, that the breach of contract is a breach of confidence by the agent and gives rise to a constructive trust, the proof of which is not within the statute of frauds or the parol evidence rule, and it has been held to be immaterial that there was no consideration for the agreement of agency, where the agency is entered upon and the purchase made". See also, 12 Ann. Cas., 805, note. Illustrative of this related rule, and frequently cited therefor, is *Trice et al. v. Comstock et al.* (8th C. C. A.), 121 Fed., 620, 61 L. R. A., 176, in which a constructive trust was impressed upon the legal title of lands purchased by an agent after termination of his agency for the sale of the property.

The precise question presented by the factual allegations before us has been variously solved by the courts of other jurisdictions and the conflicting decisions are reviewed in extensive annotations in 42 A. L. R., beginning at page 63, and 135 A. L. R., 241. No South Carolina case is noted and we have found none on all-fours, but the following are close to the point and are indicative of the conclusion we reach: *Denton v. McKenzie,* 1 Des. Eq., 289, 1 Am. Dec., 664; *McDonald v. Executors,* 1 Rich. Eq., 91; *Johnston v. La-Motte,* 6 Rich. Eq., 347; and *Jarrot v. Kuker,* 78 S. C., 510, 59 S. E., 533.

The parol contract of the parties is not enforceable as such, for proof of it offends the statute; but the trust is raised upon the acts and conduct of the betrayer of the confidence

of the *cestui*. Nowhere have we found the law of the subject made clearer than in the almost century-old opinion in *Johnston v. LaMotte, supra*. And relief was granted there upon a bill in equity which was artlessly drawn and in spite of the stricter rules of pleading then prevailing, before the institution of liberality of construction afforded by the more modern codes.

The complaint in this action has no express allegation of fraud or abuse of confidence, upon which appellant depends in argument; but contended facts and circumstances are sufficiently stated which, if proven in the requisite degree, may fairly establish an abuse by appellant of the confidence of respondent whereon equity will raise a trust in order to prevent injustice. Our present consideration of the case is of the pleadings alone, which we are required by the Code to construe liberally if that be necessary to find a cause of action stated in the complaint. Section 477, Code of 1942, and cases cited in the footnotes.

The exceptions are overruled and the judgment affirmed.

Messrs. Chief Justice Baker and Associate Justices Fishburne, Taylor and Oxner concur.