THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lareese Glover, Appellant,
 v.
 Albert A. Glover and Dorchester County Delinquent Tax Collector, Respondents.
 
 
 

Appeal From Dorchester County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2007-UP-207
Submitted May 1, 2007  Filed May 9, 2007

REVERSED AND REMANDED

 
 
 
 John J. Pinckney, of Bluffton, for Appellant.
 Jennifer L. Queen and John G. Frampton, both of Summerville, for Respondents.
 
 
 

PER CURIAM:  Lareese Glover (Glover) brought this action against her brother Albert A. Glover (Albert) and the Dorchester County Delinquent Tax Collector (Tax Collector) to set aside a tax deed issued to Albert, to recognize a constructive trust, and to confirm a prescriptive easement.  The circuit court dismissed the complaint for lack of standing and failure to state facts sufficient to constitute a cause of action as provided by Rule 12(b)(6), SCRCP.  Glover appeals.  We reverse and remand.[1]
FACTS
The following facts are taken from Glovers amended complaint and, under our standard of review, are presumed to be true for purposes of evaluating whether the complaint states a claim for relief.  The property at issue consists of approximately 5.9 acres located in Dorchester County, South Carolina.  Part of the acreage has been used for a softball field for members of the nearby Pigeon[2] Bay Community, and Glover has operated a concession stand on the property since 1981.    
There is no continuous chain of title for the subject property in the Dorchester County real estate records.  It appears the property was part of a tract of land conveyed by deed dated June 29, 1920, from William H. Johnston et al. to Thomas Glover, an uncle of Glover and Albert.  Thomas died in the 1940s, and the property was thereafter placed in the name of his surviving wife, Daisey Glover, as they had no children.  After Daisey died intestate around 1960, Thomass brother, Samuel Glover, paid the taxes on the property for the benefit of the Pigeon Bay Community until his death in 1997.  Samuel is the father of Glover and her brother Albert.    
Glover further alleges that after the death of her father, Samuel, in 1997, his children[3] paid the real estate taxes on the property each year for the benefit of the Pigeon Bay Community.  She asserted the [p]roperty passed by custom, over time, in a gradual and informal way into the hands of Samuel Glover in trust for the benefit of the entire Pigeon Bay Community.  According to Glover, the property has been dedicated for the use of the [Pigeon] Bay Community in general for recreation, and it was improved and used as a community softball field from time immemorial.  Glover stated that, with the consent of her father, Samuel, and the Pigeon Bay Community, in 1981 she began to have exclusive use of an area of the [p]roperty to run a concession stand.  
In the meantime, the property remained indexed and listed in the name of Daisey Glover.  At some point, Albert contacted the Tax Collector regarding the subject property and asked that the address for tax bills be changed to his address.  In 2002, the Tax Collector mailed a notice of delinquent taxes on the property for the year 2001 to Glover Daisey c/o Albert Glover 344 Pigeon Bay Road Summerville, SC 29483.  
The Tax Collector sold the property to Albert on October 7, 2002.  On March 5, 2004, the Tax Collector executed a tax deed conveying the property to Albert as the sole owner.  A legal description of the property was included in the deed, along with the following notation:  No derivation on record.  
Glover brought this action against Albert and the Tax Collector in 2005, alleging claims for (1) fraud in the procurement of a tax deed, (2) constructive trust, and (3) a prescriptive easement.[4]  Glover essentially alleged that her family paid the real estate taxes on the property for many years until her brother Albert contacted the Tax Collector and had the address for sending tax notices changed so that the notices would be sent to him.  Glover contended Albert thereafter failed to pay the taxes and then purchased the property at a tax sale, thus depriving Glover and others of their interests in the property.  Glover asserted Alberts bidding at the tax sale was fraudulently done to obtain a clear title to the property in violation of the rights of his cotenants.  The circuit court dismissed the complaint in its entirety as to both Albert and the Tax Collector.  Glover appeals.  
STANDARD OF REVIEW
A motion to dismiss a claim pursuant to Rule 12(b)(6), SCRCP, must be based solely on the allegations set forth on the face of the complaint.  Overcash v. S.C. Elec. & Gas Co., 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005).  The motion will not be sustained if the facts alleged and the inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case.  Id.  
[A] judgment on the pleadings is considered to be a drastic procedure by our courts.  Russell v. City of Columbia, 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991); see also United Educ. Distribs., LLC v. Educ. Testing Serv., 350 S.C. 7, 13, 564 S.E.2d 324, 328 (Ct. App. 2002).  Therefore, pleadings in a case should be construed liberally and the Court must presume all well pled facts to be true so that substantial justice is done between the parties.  Overcash, 364 S.C. at 572, 614 S.E.2d at 620.   
 LAW/ANALYSIS
I.  Standing
On appeal, Glover first contends the circuit court erred in granting the motion to dismiss because she did not have standing to maintain her suit.
Standing to sue is a fundamental requirement in instituting an action.  
 Joytime Distribs. & Amusement Co. v. State, 338 S.C. 634, 639, 528 S.E.2d 647, 649 (1999).  Generally, a party must be a real party in interest to the litigation to have standing.  Sloan v. Friends of the Hunley, Inc., 369 S.C. 20, 28, 630 S.E.2d 474, 479 (2006).  A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action.  Charleston County Sch. Dist. v. Charleston County Elec. Commn, 336 S.C. 174, 181, 519 S.E.2d 567, 571 (1999) (citation omitted).
To have standing, a plaintiff must establish (1) prejudice from a particularized injury that is not merely a matter of general interest common to all members of the public; (2) a causal connection between the injury and the conduct complaint of; and (3) a likelihood, as opposed to speculation, that the injury will be redressed by a favorable decision.  Sea Pines Assn for the Prot. of Wildlife, Inc. v. South Carolina Dept of Natural Res. & Cmty. Servs. Assocs., 345 S.C. 594, 600-01, 550 S.E.2d 287, 291 (2001).
As a threshold matter, the circuit court found Glovers action should be dismissed for lack of standing because she has failed to satisfy her burden of demonstrating a particularized harm sufficient to justify maintaining this law suit.  The court stated Glover alleged that both she and Albert, together with other members of the Pigeon Bay Community, held beneficial title to the property through the actions of their father, Samuel Glover, and the transfer of the tax deed was improper because the property was held in a constructive trust for the benefit of members of the Pigeon Bay Community.    
The court remarked, [Glovers] standing appears to arise out of her claim that she is a resident of this Community.  [Glover] fails, however, to allege any particular injury either she or the Community has suffered as a result of [Albert] holding the title to this Property.  [Glover] also fails to demonstrate a causal connection between [Alberts] actions and any injury whatsoever; and, although she does ask that the deed be voided, she does not address how this outcome redresses any injury.    
In examining the four corners of Glovers amended complaint, which is all we are concerned with at this preliminary stage in the proceedings, we find her allegations are sufficient to confer standing.  Although Glover admittedly had some apparent contradictions[5] in her pleadings, Glover did allege that she and Albert were co-owners or cotenants and that Albert had fraudulently procured a tax deed in order to establish clear title to the property and become the sole owner, thus depriving her of her interest in the property in running a concession stand.  In addition, Glover alleged she and the other members of the Pigeon Bay Community were deprived of their interests in seeing the property maintained for public use as a softball field and recreation area.  Thus, we hold Glover has standing to proceed as she has alleged a particularized injury, i.e., that she was being deprived of both her right to run the concession stand and her ownership interest in the property, and she has alleged a causal connection between Alberts procurement of the tax deed and her resulting injury.  
II.  Failure to State a Cause of Action
Glover next contends the circuit court erred in dismissing all of her claims for failure to state a cause of action under Rule 12(b)(6), SCRCP.
A.  Fraud in the Procurement of a Tax Deed 
As noted by the circuit court, the Supreme Court of South Carolina recognized a cause of action for fraud in the procurement of a tax deed in Matthews v. Montgomery, 193 S.C. 118, 7 S.E.2d 841 (1940).  In Matthews, the plaintiff alleged the defendant fraudulently arranged for the defendants son to purchase the defendants property at a tax sale in order to place it out of the reach of the plaintiff and other potential creditors.  Id. at 128-29, 7 S.E.2d at 846.  At the time the tax deed was procured, the plaintiff had filed a lawsuit against the defendant for a debt, and judgment in favor of the plaintiff was imminent.  Id. at 129, 7 S.E.2d at 846.  
Our supreme court stated it was necessary to differentiate between attacking the deeds for alleged fraud . . . and attacking them for alleged irregularities in the tax sale and proceedings.  Id. at 128, 7 S.E.2d at 846.  The court observed no fraud was alleged on the part of the tax collector, and the regularity of the governmental tax procedure is no more of an obstacle to a suit to set aside the deeds for fraud than would the regularity and legality in form and execution of a conveyance by voluntary act of the parties interpose a shield which would protect it from attack if the requisites of fraudulent intent are present.[6]  Id. at 131, 7 S.E.2d at 847.  The court concluded the plaintiffs complaint asserted a claim for fraud in the procurement of a tax deed.  Id. at 134, 7 S.E.2d at 848.
In the current case, the circuit court, citing Matthews, among others, stated, Although limited in number, the cases in which South Carolina courts have addressed fraud in the procurement of a tax deed all arise out of a creditor seeking recovery for fraudulent conveyance.  The court noted Glover is not a creditor, [Albert] is not a debtor, and no property has been transferred to avoid a debt.  As such, this cause of action should be dismissed.    
We find no language in Matthews that purports to limit its application to creditors.  Moreover, the circuit court pointed to no specific cases expressly limiting the application of the claim in this manner.  The fact that fraud in the procurement of a tax deed was originally applied in a case involving the rights of creditors does not prevent its application in other factual situations.  Cf. Boyd v. BellSouth Tel. Telegraph Co., 369 S.C. 410, 420, 633 S.E.2d 136, 141 (2006) (stating [r]egardless of whether an easement implied by prior use was originally recognized in a water drainage situation, this does not prevent its application in other circumstances).  
In addition, we find dismissal is not appropriate because there are competing inferences arising from the allegations in the complaint, such as whether Glover was a cotenant, a co-owner, or an heir.  See Jensen v. South Carolina Dept of Soc. Servs., 297 S.C. 323, 334, 377 S.E.2d 102, 108 (Ct. App. 1988) ([W]here the allegations of the complaint give rise to competing inferences on a question of material fact, dismissal of the case under Rule 12(b)(6) is not appropriate.).  Accordingly, we reverse the dismissal of Glovers claim for fraud in the procurement of a tax deed.
B.  Constructive Trust
A constructive trust will arise whenever the circumstances under which property was acquired make it inequitable that it should be retained by the one holding the legal title.  Lollis v. Lollis, 291 S.C. 525, 529, 354 S.E.2d 559, 561 (1987).  A constructive trust results from fraud, bad faith, abuse of confidence, or violation of a fiduciary duty which gives rise to an obligation in equity to make restitution.  Id. (citing Searson v. Webb, 208 S.C. 453, 38 S.E.2d 654 (1946)).  Fraud is an essential element, although it need not be actual fraud.  Id. 
In asserting her claim for a constructive trust, Glover alleged (1) the property ha[d] been dedicated for the use of the [Pigeon] Bay Community in general for recreation, and it was improved and used as a community softball field from time immemorial; (2) in 1981 Glover began to have exclusive use of a portion of the property to run a concession stand with the consent of Samuel Glover and the Pigeon Bay Community; (3) Glover and Albert are members of the [Pigeon] Bay Community and hold beneficial title interests in the [p]roperty by and t[h]rough the actions taken by their father, Samuel Glover, for the benefit of the Pigeon Bay Community; and (4) the tax deed transferring the property to Albert is improper because any acquisition by Albert inured to the members of the [Pigeon] Bay Community under a constructive trust.  
The circuit court noted [t]he only allegations of the existence of a fiduciary relationship are unclear references to the parties being co-tenants.  [Glover] alleged that [Albert], as a co-owner, breached this duty by buying the [p]roperty at the tax sale.  The court based its dismissal of Glovers claim for a constructive trust on its finding co-tenants generally owe no duty to each other as to property taxes absent a contractual agreement; each co-tenant is responsible for paying taxes with a right of contribution from the others.  The court further found that, [e]ven assuming [Glover and Albert] were co-tenants at some time in the past, such relationship would have ended when [Glover] took sole possession of the concession stand in 1980 [sic] . . . .  
In her amended complaint, Glover essentially alleged Albert committed fraud in obtaining the property at the tax sale by representing to the Tax Collector that he was a bona fide purchaser for value when in fact he was a co-owner of the property.  Glover further alleged Albert, as a co-owner, contacted the Tax Collector and changed the address for tax notices so that the notices would be sent to him, and then he intentionally allowed the property to lapse so that he could clear any other claims to the property by purchasing it at the tax sale in his name only.  
We hold these allegations of fraud are sufficient to state a claim for a constructive trust.  A constructive trust arises against one who by fraud, actual or constructive, by duress or abuse of confidence, by commission of a wrong or by any form of unconscionable conduct, artifice, concealment, or questionable means and against good conscience, either has obtained or holds the right to property which he ought not in equity and good conscience hold and enjoy.  Halbersberg v. Berry, 302 S.C. 97, 106, 394 S.E.2d 7, 13 (Ct. App. 1990) (emphasis added).
Although the circuit court focused on whether Glover had properly alleged a fiduciary relationship, we find she did assert fraud, which is a basis on which to impose a constructive trust.  See Lollis, 291 S.C. at 529, 354 S.E.2d at 561 (A constructive trust results from fraud, bad faith, abuse of confidence, or violation of a fiduciary duty which gives rise to an obligation in equity to make restitution. (emphasis added)); Searson, 208 S.C. at 459, 38 S.E.2d at 657 (A constructive trust, unlike an express trust, is not a fiduciary relation, although the circumstances which give rise to a constructive trust may or may not involve a fiduciary relation[.] (citation omitted) (emphasis added)).  Thus, we reverse the dismissal of Glovers claim for a constructive trust.  Cf. Searson, 208 S.C. at 461-62, 38 S.E.2d at 659 (holding, construing the pleadings liberally, the plaintiff sufficiently alleged a claim for a constructive trust against her first cousin where the two orally agreed to purchase property jointly, but the defendant thereafter obtained title in his own name without the plaintiffs knowledge).
C.  Prescriptive Easement
To set forth a claim for a prescriptive easement, a party must establish:  (1) the continued and uninterrupted use or enjoyment of the right for a period of twenty years, (2) the identity of the thing enjoyed, and (3) the use must have been adverse or under a claim of right.  Horry County v. Laychur, 315 S.C. 364, 367, 434 S.E.2d 259, 261 (1993); see also Jones v. Daley, 363 S.C. 310, 316, 609 S.E.2d 597, 599-600 (Ct. App. 2005).
In her amended complaint, Glover alleged that she has an easement by prescription to operate a concession stand on the property because she has exclusively operated the concession stand at community softball games for more than twenty years, the stand is clearly identified by an existing structure on the property, and she was using the property under a valid claim of right.  Glover averred she believed that her use of the [p]roperty was a right given to her by family members as heirs of an owner of the [p]roperty or, alternatively, that her use was a right being claimed by her as a member of the class of beneficiaries for whom the subject [property] was being held in trust.    
The circuit court ruled Glovers first source for a claim of right failed as a matter of law because she also specifically alleges that she and her brother are not heirs and [n]o right can arise from the grant of an heir when there are no heirs.  As to the second source for a claim of right, i.e., a beneficial interest, the court ruled Glover and her brother both would hold a beneficial interest according to the complaint, and they could not hold a beneficial interest along with other members of the Pigeon Bay Community and have a claim of right sufficient to satisfy the elements for a prescriptive easement.  
We hold Glovers allegations satisfy the pleading requirements at this stage to set forth a cause of action for a prescriptive easement as she has alleged a continuous and uninterrupted use of the property to operate a concession stand for twenty years, the stand is clearly identifiable, and she has used the property under an asserted claim of right.  Although Glover did allege at one point she was not an heir of Daisy Glover, she also alleged she and her brother were co-owners of the property and she had acquired a right to the property through family members who were heirs.  In addition, the fact that others also had a beneficial interest in the property does not affect the sufficiency of the pleadings.  Consequently, we reverse the dismissal of the claim for a prescriptive easement.  See Russell, 305 S.C. at 89, 406 S.E.2d at 339 (When a fact is well pleaded, any inference of law or conclusions of fact that may properly arise therefrom are to be regarded as embraced in the averment.); id. (Moreover, a complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever.). 
CONCLUSION
Based on the foregoing, we conclude Glover does have standing to bring this action and her complaint sufficiently alleges the elements of her claims for (1) fraud in the procurement of a tax deed, (2) the imposition of constructive trust, and (3) the existence of a prescriptive easement.  Consequently, the order directing the dismissal of Glovers complaint for lack of standing and the failure to properly state her claims is
REVERSED AND REMANDED.[7]
HEARN, C.J., GOOLSBY and KITTREDGE, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Pigeon also appears as Pidgeon in some of the documents in the Record on Appeal referring to the Pigeon Bay Community and nearby Pigeon Bay Road.  For consistency, we shall use the former spelling.
[3]  Glover is one of eight children born to Samuel and Alma Glover.  
[4] Glover initially brought this action against Albert alleging fraud in the procurement of a tax deed and to establish a prescriptive easement.  Albert moved to dismiss, asserting Glover (1) lacked standing to bring the action, (2) failed to plead fraud with sufficient particularity, (3) failed to set forth facts sufficient to constitute causes of action, and (4) failed to name all necessary parties.  Glover filed an amended complaint, adding the Tax Collector as a necessary party and pleading the elements of fraud, thus remedying two of the alleged deficiencies.  Glover also added a claim for a constructive trust.  
[5]  The circuit court noted Glover alleged that neither she nor Albert were heirs of Daisey Glover.  Although Glover did allege at one point that she and her brother were not heirs of Daisey Glover, this does not vitiate her allegation that she has some kind of ownership interest in the property along with her brother as the two allegations are not necessarily mutually exclusive.
[6]  The circuit court similarly observed in the case before us that Glover does not appear to actually allege the Delinquent Tax Collector did anything improper in the process.  We note Glover added the Tax Collector as a party only after Albert moved to dismiss the complaint based partly on the alleged failure to join all indispensable parties.  Glover alleges in her amended complaint that the Tax Collector was given false information from Albert that caused the Tax Collector to issue a tax deed.  Glover affirmatively stated, however, the Tax Collector did not do anything improper in following the statutes governing tax sales and stated this would not prevent the deed from being voidable due to fraud in its procurement.    
[7]  We remand for further proceedings consistent with this opinion.  In her brief, Glover requested that, in the event we upheld the circuit courts order, we remand this case with instructions to the circuit court to grant her leave to amend her complaint to properly assert the status of her father, Samuel Glover, as an heir of Thomas Glover; and, if necessary, to also amend so as to assert her own interests as a potential subsequent heir in order to proceed in a manner seeking to fully clear title to the property.  Since we are reversing the dismissal of the complaint and remanding for further proceedings, Glover should address any motions she deems appropriate to the circuit court, which may hear them in its own discretion.  An amendment of the pleadings might be desirable to clarify any perceived contradictory portions therein.